IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROXANA BENITEZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 14-0620-CV-W-REL |
| NAMCO JEFFERSON, LLC, and ORION PROPERTY GROUP, LLC, | ) | |
| Defendants. | ) | |

**ORDER**

Before the court is defendants' motion for summary judgment on both counts of plaintiff's petition on the grounds that her claims are barred by the release she signed in the lease agreement. I find that a genuine issue of material fact exists as to whether a reasonable person would be on notice that the release clause included the common areas of the apartment complex based on the address of 11530 Holiday Dr. #2111 being listed in that paragraph, and a genuine issue of material fact exists as to the relationship between NAMCO Jefferson, LLC, and Orion Property Group, LLC, to Jefferson Place East, the landlord in this lease agreement. Therefore, defendants' motion for summary judgment will be denied.

## *I. BACKGROUND*

On May 29, 2014, plaintiff filed a petition in the Circuit Court of Jackson County, Missouri, against defendants NAMCO Jefferson, LLC, and Orion Property Group, LLC. The petition alleges two counts of negligence, one against each of the defendants, stemming from plaintiff's fall on stairs at the apartment complex where she resided. Plaintiff alleges that defendants were negligent in failing to remove ice from the stairs, causing her fall. On July 14, 2014, defendants removed the action to federal district court. On January 7, 2015, defendants filed the instant motion for summary judgment. Defendants argue that plaintiff's claims are barred by a paragraph in the lease

agreement entitled, "**RELEASE OF LANDLORD FROM PAST AND FUTURE NEGLIGENCE**" which plaintiff initialed in addition to signing the lease agreement.

On January 28, 2015, plaintiff filed suggestions in opposition, arguing that the exculpatory clause is not enforceable because (1) the description of the area covered by the clause is ambiguous, (2) the clause does not clearly disclose who is being released, and (3) the clause did not effectively notify plaintiff that she was releasing defendants from claims arising from their negligence because it was written in English and plaintiff cannot read English.

On February 13, 2015, defendants filed reply suggestions, arguing that (1) because the clause used the street address of the apartment complex, it covered all common areas of the apartment complex, (2) the clause clearly released both the landlord and the landlord's agents, and the fact that those unambiguous terms are not defined in the lease agreement does not cause the release to be unenforceable, and (3) the standard for effective notice is from the perspective of a reasonable person, not plaintiff herself.

## *II. SUMMARY JUDGMENT*

Rule 56(c), Federal Rules of Civil Procedure, permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The key to determining whether summary judgment is proper is ascertaining whether there exists a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. American Academy of Family Physicians v. United States, 75 A.F.T.R.2d 95-1709

(W.D. Mo. 1995), aff'd 91 F.3d 1155 (8th Cir. 1996). The party moving for summary judgment has the burden of proving that these requirements for summary judgment have been met. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

In a summary judgment analysis, a court must first consider whether there are any issues of fact. If the only issues are issues of law, then summary judgment is appropriate. Disesa v. St. Louis Community College, 79 F.3d 92, 94 (8th Cir. 1996). If issues of fact are raised, a court must consider whether these issues are material to the outcome of the case. Materiality is identified by the substantive law that is to be applied. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. Factual disputes that are collateral to the substantive law will not preclude summary judgment. Id.

In addition to the requirement that a dispute of fact be material, the dispute must also be genuine. A dispute of fact is considered genuine if the non-moving party has produced sufficient evidence such that a reasonable jury could return a verdict for that party. Id. at 249. When considering a motion for summary judgment, the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in its favor. Id. at 255. If the evidence submitted by the non-moving party is merely colorable or is not significantly probative, then summary judgment may be granted. Id. at 249-250.

Where the party moving for summary judgment does not bear the burden of proof at trial, that party must show "that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). This burden is met when the moving party identifies portions of the record demonstrating an absence of a genuine issue of material fact. Id. at 323. If the moving party meets the requirement, the burden shifts to the non-moving party who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 474 U.S. at 248. The trial judge then determines whether a trial is needed -- "whether, in other

words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

## *III. UNDISPUTED FACTS*

The facts listed in blue below are found to be undisputed. I note that plaintiff, in her response, included "additional material facts that remain in dispute." However, plaintiff presents all of these additional facts as undisputed. Because, as is stated in the Scheduling Order, a material disputed fact is required to defeat a motion for summary judgment, I will not address these additional undisputed facts proffered by plaintiff.

1. Plaintiff Roxana Benitez signed a lease dated October 1, 2012.

2. The lease language states in bold and all capitalized letters:

> Release of Landlord From Past and Future Negligence: In consideration of the terms of this lease, the undersigned resident or residents does hereby release and forever discharge landlord, landlord's administrators, agents servants, employees and assigns who might be claimed to be liable from any and all claims, demands, damages, actions, causes of actions and suits on account of all injuries, known or unknown, both to persons and property, which may result or in the future develop from any condition or occurrence at 11530 Holiday Dr. #2111 caused by the negligence of landlord, landlord's administrators, agents, servants employees or assigns.

(emphasis removed).

Although plaintiff disputes this fact, the dispute has no basis. Plaintiff argues that the language set forth in the defendants' statement of facts "did not accurately state the language contained in the exculpatory clause relied upon by the Defendants." Plaintiff then sets forth the language of the lease agreement which is word for word the same as that set out by defendants. Plaintiff fails to describe how the defendants' recitation of this paragraph of the lease is inaccurate. In fact the only difference at all is that defendants included a comma -- in brackets to reflect that the comma did not appear in the actual lease agreement. Because plaintiff did not point out a difference, I

can only assume this is the difference to which plaintiff was referring. I find that this difference is not material and that this fact is undisputed.

3. The term "undersigned resident" includes Roxana Benitez.

Plaintiff disputes this fact, arguing that the term "undersigned resident" is not defined in the lease agreement. Yet plaintiff then admits that she was a resident and quotes from the lease agreement which states that Roxana Benitez is a resident and is a party to the lease agreement. This evidence actually supports defendants' proposed fact, it does not support plaintiff's position that this fact is in dispute.

4. The term landlord includes NAMCO Jefferson, LLC.

In support of this proposed fact, defendants cite to the lease agreement. However, the landlord in the lease agreement is identified as Jefferson Place East.

5. The terms landlord's administrators, agents, servants, employees and assigns includes Orion Property Group, LLC and its employees.

Again in support of this proposed fact, defendants cite to the lease agreement. However, the lease agreement does not set forth this fact, and there are no documents attached as exhibits which establish the relationship between Orion Property Group, LLC, and Jefferson Place East. The name "Orion Property Group" is on the head of the lease agreement, but there is nothing else identifying it or its connection with Jefferson Place East.

6. Plaintiff Roxana Benitez initialed immediately below the paragraph labeled "Release of Landlord from Past and Future Negligence."

## *IV. EFFECT OF THE WAIVER IN THE LEASE AGREEMENT*

Public policy disfavors but does not prohibit releases of future negligence. Warren v. Paragon Technologies Group, 950 S.W.2d 844, 845 (Mo. banc 1997); Milligan v. Chesterfield Village GP, LLC, 239 S.W.3d 613, 616 (Mo. App. 2007). In this case, the exculpatory language in the lease agreement must effectively notify the

lessee that she is releasing the lessor from claims arising from the lessor's negligence. Alack v. Vic Tanny International of Missouri, Inc., 923 S.W.2d 330, 337 (Mo. banc 1996).

> Our traditional notions of justice are so fault-based that we require "clear, unambiguous, unmistakable, and conspicuous language in order to release a party from his or her own future negligence. Consumer contracts must conspicuously employ "negligence," "fault" or equivalent words so that a clear and unmistakable waiver and shifting of risk occurs.

Milligan v. Chesterfield Village GP, LLC, 239 S.W.3d at 616 (quoting Alack v. Vic Tanny, 923 S.W.2d at 337).

Clear and explicit language is required to absolve a person from future negligence, and release language is strictly construed against the party claiming benefit of the waiver. Id. This is a bright-line test, and the question is whether a reasonable person agreeing to an exculpatory clause would understand what future claims are being waived. Id.

Plaintiff argues that the clause is not enforceable for three reasons: (1) the description of the geographical area identifying the location of the injury of the released claims does not clearly include the stairs where plaintiff fell, (2) the clause does not clearly disclose who is being released, and (3) the clause did not effectively notify plaintiff that she was releasing claims of negligence because it was written in English and plaintiff cannot read English.

### *A. GEOGRAPHICAL AREA*

Plaintiff argues that the exculpatory clause is not enforceable because this paragraph specifically dealt with "all injuries, known or unknown, both to persons and property, which may result or in the future develop from any condition or occurrence at 11530 Holiday Dr. #2111". Plaintiff argues that the stairs are not "at 11530 Holiday Dr. #2111."

Although elsewhere in the contract the resident acknowledges that the landlord is not liable for any claims for damage caused by snow or ice, that particular paragraph (12) specifically refers to the apartment or apartment complex. This terminology is not used in the exculpatory clause.

Defendants argue that "the release clause identified the street address of the apartment complex; this effectively notified a reasonable person that claims against the landlord or its agents at that complex were being released." However, there is no evidence before me as to what is located at 11530 Holiday Dr. #2111. The lease agreement states that plaintiff's apartment number was 1206, not 2111. Therefore, there is a genuine issue of material fact as to whether a reasonable person would be on notice that the release clause included the common areas of the apartment complex based on the address of 11530 Holiday Dr. #2111 being listed in that paragraph.

***B. WHO IS BEING RELEASED***

Plaintiff argues that the exculpatory clause does not clearly disclose who is being released from liability because the lease agreement itself does not define the terms "landlord" or "landlord's agents".

The paragraph at issue states that the "landlord" is released from past and future negligence. This paragraph includes the landlord's administrators, agents, servants, employees and assigns. "Generally, the relationship of principal-agent or employer-employee is a question of fact to be determined by the jury when, from the evidence adduced on the question, there may be a fair difference of opinion as to the existence of the relationship." Bargfrede v American Income Life Ins. Co., 21 S.W.3d 157, 161 (Mo. Ct. App. 2000). Whether one individual or entity is an administrator, agent, servant, employee or assign of another "is a question of law for the court *only* where the material facts from which it is to be inferred are not in dispute and *only* one reasonable

conclusion can be drawn therefrom." Id. (emphasis in the original) (quoting Smoot v. Marks, 564 S.W.2d 231, 236 (Mo. Ct. App. 1978)).

Here there has been no evidence presented as to the relationship of NAMCO Jefferson, LLC, and Orion Property Group, LLC, to Jefferson Place East, the landlord in this lease agreement. Although I would think such evidence would be fairly easy to obtain, it is not before me and I cannot speculate.

### *C. LANGUAGE OF LEASE AGREEMENT*

Plaintiff argues that because the lease agreement was written in English and she cannot read English, the clause is unenforceable. Plaintiff's argument is without merit. The standard is a reasonable person standard, i.e., whether a reasonable person would understand what future claims he is waiving. Alack v. Vic Tanny, 923 S.W.2d at 337-338.

Further, it is well settled that a party to a contract cannot escape contractual liability by failing to properly evaluate contractual language. In Morales v. Sun Constructors, 541 F.3d 218 (3rd Cir. 2008), the plaintiff signed an employment agreement with an arbitration clause. The employment agreement was written in English; and Morales, a welder, did not understand English. Morales was terminated and sued Sun Constructors. The Third Circuit held that the arbitration clause in the employment agreement was enforceable.

> The Supreme Court has observed: "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained." Upton v. Tribilcock, 91 U.S. 45, 50 (1875). The "integrity of contracts demands" that this principle "be rigidly enforced by the courts." . . . . As one noted treatise explains:
>
>> According to the objective theory of contract formation, what is essential is not assent, but rather what the person to whom a manifestation is made is justified as regarding as assent. . . . The most common illustration of this principle is the situation when one who is ignorant of the language in which a document is written, or who is illiterate, executes a writing

> proposed as a contract under a mistake as to its contents. Such a person is bound, in the absence of fraud, if the person does not require the document to be read to him. . . .

See also New York Life Ins. Co. v. Kwetkauskas, 63 F.2d 890, 891 (3d Cir. 1933) (recognizing that "[i]t is true that an illiterate man may bind himself by contract by negligently failing to learn the contents of an instrument which he has executed"); Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir. 1992) (signing a contract written in German which the plaintiff did not understand did not preclude enforcement of the contract because "mere ignorance will not relieve a party of her obligations"); Tippecanoe Beverages, Inc. v. S.A. El Aquila Brewing Co., 833 F.2d 633 (7th Cir. 1987) (one who signs a contract in a language that he does not understand acts at his peril); Hoshaw v. Cosgriff, 247 F. 22, 26 (8th Cir. 1917) (holding that every contracting party has the duty "to learn and know the contents of a contract before he signs and delivers it"); Molina v. Scandinavian Designs, Inc., 2014 WL 1615177 (N. D. Cal. April 21, 2014) (Spanish-speaking plaintiff who signed arbitration agreement in English is bound by the agreement -- "one who accepts or signs an instrument, which on its face is a contract, is deemed to assent to all its terms, and cannot escape liability on the ground that he has not read it. If he cannot read, he should have it read or explained to him" (citing Randas v. YMCA of Metro. L.A., 17 Cal. App. 4th 158, 163 (1993)); Roldan v. Callahan & Blaine, 219 Cal. App. 4th 87, 93 (2013) ("[T]he law effectively presumes that everyone who signs a contract has read it thoroughly, whether or not that is true"); Gaskin v. Stumm Handel GmbH, 390 F. Supp. 361 (D.C.N.Y. 1975) (claims of party to contract written in German, who did not speak or read German, that he would not have signed contract had he known what it contained "flies in the face of well settled contract law principles"); Advantage Windows, Inc. v. Zacarias, 2014 WL 4403106 (Tenn. Ct. App., September 8, 2014) ("whether Mr. Skaan could read or write in English . . . is not material to the enforceability of the contractual limitation period. It

is well established in Tennessee that a person who signs a contract is presumed to understand the terms of the agreement that he has signed").

I have found no case law from anywhere in the country holding that one can sign a contract without being able to read the language of the contract and escape the terms of that contract as a result.

### *V. CONCLUSION*

I find that a genuine issue of material fact exists as to whether a reasonable person would be on notice that the release clause included the common areas of the apartment complex based on the address of 11530 Holiday Dr. #2111 being listed in that paragraph, and a genuine issue of material fact exists as to the relationship between NAMCO Jefferson, LLC, and Orion Property Group, LLC, to Jefferson Place East, the landlord in this lease agreement. Therefore, it is

ORDERED that the motion for summary judgment is denied.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
February 18, 2015